IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RODGER BLANCO, )
)
        Plaintiff, )
)
vs. ) Case Number CIV-16-561-C
)
FEDERAL EXPRESS CORPORATION )
d/b/a FedEx Express, a foreign corporation, )
JUSTIN DIGBY, an individual, and )
MATTHEW WAINER, an individual, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff is suing Defendants regarding the loss of a package containing gold bars and coins shipped via Defendant Federal Express ("FedEx") valued at approximately $389,430. After Plaintiff's package did not reach its destination, FedEx informed him that part of the package was found in a trashcan within FedEx's facilities and FedEx was conducting an investigation to determine what had become of the package contents. Several months later, with no answers forthcoming from FedEx, Plaintiff contacted the Secret Service which conducted its own investigation, resulting in Defendant Digby's admission of guilt and his conviction for theft of the package while employed by FedEx. Defendant Wainer was Defendant Digby's coworker at the time of the theft and is an alleged accomplice.

Plaintiff raises the causes of action of negligent investigation as to FedEx and conversion as to all three Defendants. FedEx removed the case to this Court on May 26, 2016. In Plaintiff's Motion to Remand, which is currently at issue, Plaintiff argues that FedEx has failed to bear its burden of proof for proper removal to Federal Court. FedEx

argues that removal is proper under 28 U.S.C. § 1332(a), diversity jurisdiction, and that Plaintiff's claims rooted in Oklahoma state law are thinly veiled attempts of avoiding federal question jurisdiction.

ANALYSIS

As the party invoking jurisdiction of the federal court, FedEx bears a substantial burden of proof. In fact, there is a "presumption against its existence." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citing City of Lawton, Okla. v. Chapman, 257 F.2d 601 (10th Cir. 1958)). To invoke subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a) requires that Movant show "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." If complete diversity is not present, the Court must remand.

First, the Court must examine the citizenship of the parties for purposes of diversity jurisdiction. Plaintiff states in the Petition filed in the District Court of Oklahoma County that he is "an individual who resides in Florida." (Petition, Dkt. No. 1-1, Pg. 1). FedEx is incorporated in the state of Delaware and "at all relevant times had its principal place of business in the state of Tennessee." (Notice of Removal, Dkt. No. 1, ¶ 3). Defendant Digby is deemed to be a citizen of the state of Georgia even though he currently resides at a federal correctional institution in South Carolina. The Tenth Circuit has held that "a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state." Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006) (citing Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991)). The

2

citizenship of Defendant Wainer is not at issue because he was not properly joined and served at the time of FedEx's Notice of Removal. Defendant Wainer has not been served at the time of this Order. 28 U.S.C. § 1446(b)(2)(A) requires consent of only those "defendants who have been properly joined and served." See also Sheldon v. Khanal, 502 F. App'x 765, 769-70 (10th Cir. 2012). Therefore, Plaintiff is diverse from all Defendants, as required by Fed. R. Civ. P. § 1332. Plaintiff also pleaded an amount in controversy in excess of $75,000. Accordingly, this requirement is not at issue, making remand improper because diversity jurisdiction is present.

Remand would also be improper because Plaintiff's claims raise federal question jurisdiction. Federal question jurisdiction exists for "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court is "guided generally by the 'well-pleaded complaint' rule, under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Additionally, the general presumption that the federal courts are courts of limited jurisdiction applies when courts consider asserting federal question jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, (2005). In accordance with these principles, the Court must closely examine matters before it and ensure that it has the power to consider the issues raised.

First, the Court must determine whether the cause of action is governed by federal law. The Tenth Circuit has not addressed the narrow issue of whether a claim for lost or

3

stolen goods transported by a common air carrier is subject to federal question jurisdiction by preemption of federal common law. However, this question has been answered in the affirmative by several other circuits. The Fifth Circuit has held that a federal cause of action is present "for freight claims against air carriers." Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922, 928-29 (5th Cir. 1997) (addressing whether the federal court had jurisdiction over recovery claims for lost shipments). There, the court reasoned that because Congress did not clearly and explicitly repeal federal common law when deregulating the airlines under the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. §§ 1301 et. seq., it intended to retain the common law. In fact, the court stated that "[i]n enacting the ADA, Congress included a savings clause that provided: 'Nothing in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Chapter are in addition to such remedies.'" Sam L. Majors Jewelers, 117 F.3d at 928. Thus, "[t]his savings clause had the effect of preserving the clearly established federal common law cause of action against air carriers for lost shipments." Id.

Other circuit courts have made similar holdings on this narrow issue. See Treiber & Straub, Inc. v. United Parcel Serv., Inc., 474 F.3d 379, 383-84 (7th Cir. 2007); Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc., 235 F.3d 53, 59 (2d Cir. 2000); Read-Rite Corp. v. Burlington Air Express, Ltd., 186 F.3d 1190, 1196 (9th Cir. 1999); First Pennsylvania Bank, N.A. v. Eastern Airlines, Inc., 731 F.2d 1113, 1115-16 (3d Cir. 1984). The Court is persuaded by these circuit court decisions and finds that causes of action against

4

air carriers for lost shipments have been preempted by federal common law and jurisdiction is proper with this Court.

While most case law on this issue discusses lost or damaged shipments, the Court finds that stolen shipments will be governed by the same federal common law. Many courts discuss stolen, presumably stolen, and lost items when applying the same common air carrier concepts discussed above. See Bary v. Delta Airlines, Inc., No. CIV.A.CV-02-5202(DGT), 2009 WL 3260499, at *12 (E.D.N.Y. Oct. 9, 2009) (claims that jewelry allegedly stolen from luggage while in air carrier's possession were treated as a lost shipment and preempted by ADA), aff'd, 553 F. App'x 51 (2d Cir. 2014); Stein Jewelry Co. v. United Parcel Serv., Inc., 228 F. Supp. 2d 304, 305 (S.D.N.Y. 2002) (while the plaintiff alleged that diamonds from a package were stolen, the court found that the "gravamen . . . of the plaintiff['s] claim is that his diamonds were lost"); Kemper Ins. Cos., Inc. v. Fed. Express Corp., 115 F. Supp. 2d 116, 120-21 (D. Mass. 2000) (explaining that "allegations of thefts notwithstanding, [the tort claims] . . . fall into the category of lost shipments" and are preempted by the ADA), aff'd., 252 F.3d 509 (1st Cir. 2001); Gemnet Express, Inc. v. Fed. Express Corp., No. 06 CIV.2648(DF), 2009 WL 928299, at *1, *4-*5 (S.D.N.Y. Mar. 30, 2009) (applying federal preemption to breach of contract and negligence claims for "property lost or stolen in the course of a Federal Express shipment"); Varga v. United Airlines, No. C 09-02278 SI, 2009 WL 2246208, at *1, *5 (N.D. Cal. July 24, 2009) (finding ADA preemption and retaining jurisdiction when plaintiff alleged that an airline employee stole jewelry from her checked luggage). Contrast with Signer v. DHL Worldwide Exp., Inc., No. 06-

61932-CIV-MOORE, 2007 WL 1521497, at *6 (S.D. Fla. May 22, 2007) (drawing a distinction between lost and stolen items when applying federal preemption).

Additionally, Plaintiff argues that the claims are not proper for federal court because they arise not out of FedEx's air carrier status, but the company's "conduct of voluntarily undertaking the lead . . . in investigating criminal conduct and the recovery of Plaintiff's stolen property." (Mot. to Remand, Dkt. No. 10, p. 7.) Because Plaintiff's claims of relief include negligence and conversion, Plaintiff would have the Court find this is a question of state law pleaded on the face of the state court Petition. However, Plaintiff also attempts to connect the conduct of FedEx to the lost shipment by alleging in the conversion claim that FedEx "ratified [the] employees' conduct" and therefore contributed to Plaintiff's damages. (Petition, Dkt. No. 1-1, ¶ 47.)

FedEx asserts that by making such arguments, Plaintiff is attempting to use state law claims to recover for the lost shipment, thereby circumventing the federal common law governing such air carrier losses. The Court must examine the entire record to determine if the true nature of the claim is federal and if the Plaintiff has attempted to characterize the claims through "artful pleading" as pertaining to state law. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (citation omitted). Due to the nature of the issue presented and the recovery sought, the Court is persuaded there is indeed a federal question now before the Court and remand would be improper.

In regard to the state law claims against Defendant Digby and Defendant Wainer, the Court has discretion to exert supplemental jurisdiction over any state law claim that is not

preempted if all of Plaintiff's claims "form part of the same case or controversy." 28 U.S.C. § 1367(a). The Court finds that these claims form part of the same case or controversy and elects to exercise supplemental jurisdiction over the present case in its entirety.

For these reasons the Court finds that subject matter jurisdiction is proper with this Court pursuant to 28 U.S.C. §§ 1332(a) and § 1331 and exerts supplemental jurisdiction in accordance with 28 U.S.C. § 1367(a).

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Remand (Dkt. No. 10) is DENIED.

IT IS SO ORDERED this 15th day of September, 2016.

ROBIN J. CAUTHRON
United States District Judge