IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODGER BLANCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-16-561-C |
| | ) |
| FEDERAL EXPRESS CORPORATION | ) |
| d/b/a FedEx Express, a foreign corporation, | ) |
| JUSTIN DIGBY, an individual, and | ) |
| MATTHEW WAINER, an individual, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought claims of negligent investigation and conversion against Defendant Federal Express Corporation ("FedEx") for the theft of Plaintiff's shipment. Now before the Court is FedEx's Motion for Summary Judgment. (Dkt. No. 25.) Plaintiff has responded and the Motion is now at issue.

Plaintiff is suing Defendants regarding the loss of a shipment containing 300 ounces of gold bars and coins shipped via FedEx valued at approximately $389,430. Plaintiff tendered the package and declared its value as one thousand dollars ($1,000) on May 9, 2014. FedEx transported the package from Redmond, Washington to Oklahoma City, Oklahoma. When the shipment arrived in Oklahoma City on May 10th, a FedEx employee, Defendant Justin Digby, stole the package. A FedEx Security Specialist, Kerry Brooks, investigated the package's disappearance. Brooks began the investigation on May 15th and filed a report with the Oklahoma City Police Department the next day. Brooks and the detective who took his report agreed Brooks should conduct an internal

investigation and then bring his findings to the police because two investigations would hinder each other. The case was not assigned to a detective by the Oklahoma City Police Department and Brooks continued working on the investigation. The facts are disputed as to why Brooks did not follow up with the police. The United States Secret Service became involved in the case and met with Brooks on August 4th, when Brooks shared the details of his investigation with the agents. Brooks suggested the Secret Service agents should interview his main suspects or persons of interest, Defendants Justin Digby and Matthew Wainer. Digby confessed to stealing the gold shipment to the agents the following day.

## I. Standard

The standard for summary judgment is well established. Summary judgment may only be granted if the evidence of record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(c). All facts and reasonable inferences therefrom are construed in the light most

favorable to the nonmoving party.   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. Analysis

### A. Contract of Carriage

FedEx argues the contract of carriage requires Plaintiff to file suit within one year, and Plaintiff failed to do so.   It is undisputed the U.S. Airbill formed the contract between the shipper and FedEx, incorporating the FedEx Service Guide on the issue of claim limitations.   The Service Guide states the shipper must file actions "under any cause of action arising from the transportation of any package" within one year from the date of delivery or the date the shipment should have been delivered.   (Service Guide, Dkt. No. 26-1, p. 17.)   Plaintiff's package should have been delivered on May 12, 2014, making the claims expire after May 12, 2015.   However, Plaintiff filed this lawsuit on April 19, 2016.

Plaintiff argues the suit is not about the lost shipment, but how FedEx conducted the subsequent investigation regarding the lost shipment.   However, the Court finds the negligence and conversion claims arose from the transportation (or lack thereof) of Plaintiff's package.   In other words, but for FedEx transporting the shipment of gold, Plaintiff would not have a claim for negligent investigation or conversion.   Accordingly, Plaintiff's claims are time-barred and the claims against FedEx must be dismissed.

B. ADA Preemption

Even if the Service Guide's time limitation did not apply, the state law negligence and conversion claims are preempted by the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. §§ 1301 et. seq. Plaintiff has asserted an identical argument previously considered by the Court on Plaintiff's Motion to Remand. The Court concluded the ADA did apply to the issues at hand, preempting the claims and making remand improper. (Order, Dkt. No. 17, pp. 4-6.) Although Plaintiff again attempts to distinguish FedEx's act of investigating the whereabouts of the package from the fact that the package was lost, the actions are one and the same.

The ADA preempts state tort claims "related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(4)(A). The Supreme Court has construed the phrase "related to" as expressing a "broad pre-emptive purpose" and referring to any state action "having a connection with or reference to," an airline's rates, routes, or services. See Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383-84 (1992). State tort claims are permitted to enforce bargains for services voluntarily undertaken by the air carrier, but not to impose additional requirements or recovery beyond the terms of the contract. See Am. Airlines, Inc. v. Wolens, 513 U.S. 219, 228-29 (1995).

C. Negligence

Here, Brooks testified FedEx's tracking system flags for investigation any unaccounted-for packages, sometimes even if the packages are on planes delayed by

4

weather. (Brooks Dep., Dkt. No. 26-3, p. 17.) When the investigation to locate Plaintiff's shipment began, it was a search for a missing package and investigators later determined the package was stolen. This leads to the conclusion that the investigation of missing packages is a direct consequence of the lost package. The Court finds Plaintiff's claim of negligence is preempted by the ADA because it is sufficiently related to FedEx's services provided to shippers.

Moreover, there is no logical division of the investigation process once it is underway, as many packages labeled as missing are found and delivered. Courts cannot sensibly apply the ADA to one part of the shipment process, consider liability for state law claims during an investigation, and then again apply the ADA for the later delivery. Additionally, it would be unfavorable policy to create unknown time cutoffs between ADA and state law application based on how much time is reasonable for an investigation if theft did occur. Investigations will vary and creating unknown cutoff times between two bodies of law will only serve to breed more litigation. To apply Oklahoma law to this investigation would encourage FedEx never to investigate any lost or stolen shipment, instead leaving all investigation up to the authorities lest FedEx employees make some voluntary undertaking in addition to the carrier contract and open FedEx up to litigation. This would be unfortunate because FedEx is the party most likely to have the most information and could possibly provide a resolution, all without a burden to the taxpayer.

D. Conversion

The conversion claim must be analyzed under federal common law. The relevant rule states "the conversion doctrine is pertinent only when there has been a true conversion, i.e., where the carrier has appropriated the property for its own use or gain. The carrier may properly limit its liability where the conversion is by third parties or even by its own employees." Glickfeld v. Howard Van Lines, Inc., 213 F.2d 723, 727 (9th Cir. 1954) (citations omitted). The First Circuit recognized that most other courts only recognize the conversion exception for employee theft "when a carrier has converted the property for its own use or gain." Kemper Ins. Companies v. Fed. Exp. Corp., 252 F.3d 509, 515 (1st Cir. 2001) (citations and internal quotation marks omitted) (listing cases). Here, Plaintiff has made no such allegation and even if the claim were made within the time limitation, the conversion claim would have been dismissed.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 25) is GRANTED. Judgment shall issue at the conclusion of the case.

IT IS SO ORDERED this 15th day of August, 2017.

ROBIN J. CAUTHRON
United States District Judge